**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **David J. Maran** | : |
| | : |
| **v.** | : **Civil No. 3:01cv2015 (JBA)** |
| | : |
| **Commissioner of Social Security** | : |

**Ruling on Motion for Attorney's Fees and Costs [Doc. # 27]**

Plaintiff David J. Maran, whose application for Social
Security Disability Insurance Benefits ("DIB") was remanded by
this Court to the Administrative Law Judge for further
proceedings, see [Doc. #25], moves for attorney's fees and costs
pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §
2412 (a)(1) and (d)(1)(A), see [Doc. # 27].  The Commissioner of
Social Security opposes the motion, see [Doc. # 31] which is
denied for the following reasons.

## I.    Factual Background

Familiarity with the facts of this case is assumed, based on
the previous rulings of this Court and the Recommended Ruling of
Magistrate Judge Joan Glazer Margolis.  See [Docs. ## 18, 20,
25].  Briefly, plaintiff filed his DIB application on May 31,
2000.  The Commissioner denied the application initially and on
reconsideration, and a hearing was held before an Administrative
Law Judge ("ALJ") in 2001.  The ALJ held that plaintiff retained
the residual functional capacity ("RFC") to perform "medium" work
and therefore, given the plaintiff's age, education and work

1

experience, plaintiff was not disabled under the Grids.  The
Appeals Council refused plaintiff's request for review, and
plaintiff appealed to federal court.

Before the Magistrate Judge, plaintiff raised four
arguments: the ALJ's decision was not supported by substantial
evidence because the medical opinion of Dr. Daniels, one of
plaintiff's treating physicians, that plaintiff was disabled was
entitled to controlling weight; the ALJ impermissibly substituted
his judgment for that of Dr. Daniels without citing any expert
opinion supporting his conclusion; the ALJ lacked substantial
evidence to discredit plaintiff's testimony regarding his pain
and functional limitations; and the ALJ erred in applying the
Grids.  The Magistrate Judge held that Dr. Daniels' opinion was
not entitled to controlling weight because Dr. Daniels did not
treat plaintiff for his lumbar disc disease, a condition that was
followed by another doctor, and his opinion that plaintiff was
disabled as of 1998 was retrospective because it was not rendered
until 2001, and therefore it was not conclusive.  The Magistrate
Judge further found that the medical evidence, and particularly
doctors' notes charting improvement in plaintiff's course,
supported the ALJ's decision to not give Dr. Daniels' opinion
controlling weight, and that the ALJ's credibility assessment
concerning plaintiff's subjective pain was supported by
contradictions in the medical records and plaintiff's testimony

as to whether he was taking any pain medication.  Finally, the

Magistrate Judge held that the ALJ did not err in applying the

Grids because plaintiff did not submit sufficient evidence of

non-exertional limitations, and plaintiff testified at the

administrative hearing that he stopped working not because of

pain but because he was laid off from his previous job, and that

the physical limitation that prevented him from working again was

not musculoskeletal pain but diabetes, which is now controlled by

a higher dosage of medication.

On the plaintiff's objection to the Magistrate Judge's

Recommended Ruling, this Court initially granted plaintiff's

motion for judgment on the pleadings based on the view that the

ALJ's finding that plaintiff retained the RFC for medium work was

not supported by substantial evidence, and his reliance on the

absence of medical records "improperly shifts the burden to Maran

to show that he <u>cannot</u>" carry out medium work.  <u>See</u> Ruling [Doc.

# 20] at 4 (emphasis in original).  The Court also found that

although Dr. Bellner, who treated plaintiff's lumbar disc pain,

cleared plaintiff to "attempt to return to his prior duties,"

there was no evidence in the record that plaintiff in fact

returned to medium-level work between June 19, 1995 and the time

he was laid off in 1996, and thus substantial evidence did not

support the ALJ's conclusion that plaintiff in fact performed

medium work at that time.  <u>Id.</u> at 5.  Thus the Court concluded

that the Commissioner had not satisfied her burden of proof to

demonstrate that Maran had the RFC to perform the full range of

medium work, and on the Commissioner's representation that

plaintiff would properly be found disabled under the Grids if he

retained the RFC for only light or sedentary work, the Court

remanded the case to the Commissioner for calculation of

benefits.

The Commissioner, recognizing that its representation was in

error given plaintiff's age, education and work history, which

would not render him disabled under the Grids, moved for

amendment of the judgment.  The motion was granted and the Court

remanded the case to the Commissioner for further proceedings,

and issued guidance concerning the weight to be accorded Dr.

Daniels' opinion and the credibility assessment to be conducted

in evaluating whether plaintiff suffers from non-exertional

limitations.

## II.   Standard

The EAJA provides:

> [A] court shall award to the prevailing party other
> than the United States fees and other expenses, in
> addition to any costs awarded..., incurred by that
> party in any civil action..., including proceedings for
> judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of
> that action, unless the court finds that the position
> of the United States was substantially justified or
> that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The statute further provides that "a

judgment for costs... may be awarded to the prevailing party in any civil action brought by or against the United States...." Id. § 2412(a)(1).

> When seeking attorney's fees under the EAJA, a prevailing party first must allege that the Government's position was not substantially justified. Then the burden shifts to the Government to show that its position was substantially justified. That is, the Government must demonstrate that its position had a reasonable basis in law and fact. The test is essentially one of reasonableness.

> In an appeal from the merits of an ALJ's decision denying an application for DIB, the reviewing court applies the "substantial evidence" standard of review. Prevailing under this standard, however, does not necessarily lead to success in a subsequent motion for attorney's fees under the EAJA, as there is no congruence between the "substantial evidence" standard and the "substantially justified" standard.

Green-Younger v. Barnhart, No. Civ. 3:99cv1425 (CFD), 2004 WL 2377224, at *1-2 (D. Conn. Sept. 30, 2004) (internal citations and quotation marks omitted).

As the Supreme Court has held, "[b]y allocating the burden of pleading 'that the position of the United States was not substantially justified' - and that burden only - to the fee applicant, Congress apparently sought to dispel any assumption that the Government must pay fees each time it loses." Scarborough v. Principi, 541 U.S. 401, 415 (2004).  The burden of proving that the position of the United States was substantially justified, however, "must be shouldered by the Government." Id. at 414; see also Commodity Futures Trading Comm'n v. Dunn,

169 F.3d 785, 786 (2d Cir. 1999) (per curiam) ("Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified' - a term that the Supreme Court has defined as having 'a reasonable basis in both law and fact.'").

In deciding whether the Government's position was substantially justified, "courts should rely on 'objective indicia' such as... the views of other courts on the merits." Pierce v. Underwood, 487 U.S. 552, 568 (1988).  "[A] string of losses [for the Government] can be indicative; and even more so a string of successes."  Id. at 569.

## III.  Discussion

Plaintiff Maran argues that he is entitled to EAJA fees because this Court concluded that there was not substantial evidence in the record to support the ALJ's decision that the Commissioner had satisfied her burden of proving that plaintiff had the RFC for medium work.  See Mem. of Law [Doc. # 28] at 3. Plaintiff confuses the "substantial evidence" standard of review on the merits with EAJA's "substantial justification" standard. "[T]here is no congruence between the 'substantial evidence' standard and the 'substantially justified' standard," Green-Younger, 2004 WL 2377224, at *2, and the fact that the plaintiff prevailed under the former does not provide evidence of

entitlement to attorney's fees under the latter.

In this case, the Government prevailed in every step of the litigation until this Court's ruling: plaintiff's DIB application was denied initially, on reconsideration, after a hearing before an ALJ, and when the Appeals Council refused review.  Magistrate Judge Margolis' Recommended Ruling would have affirmed the ALJ. While not conclusive, "a string of successes" in other courts constitutes objective evidence that the Government's position was substantially justified.  Pierce, 487 U.S. at 569.  While Pierce concerned a "string of successes in various courts," it is instructive guidance on the weight this Court should give to the decisions of other decision-makers in this case.  Success at multiple levels and in various fora has some probative value in determining whether the Government was substantially justified in its position.

Moreover, although this Court concluded that the ALJ's decision -- which largely was based on the absence of medical records and plaintiff's own estimations of his functional abilities -- was not properly supported by substantial evidence, it cannot be said that there was no "reasonable basis in law and fact" for the Government's position.  Because absence of evidence does not conclusively establish the absence of a disability but may reflect instead, or at least in part, the absence of regular medical care and the absence of continuous documentation, and

given the burden of proof of the Commissioner, the Court remanded for further evidentiary development, which would include clarification of the appropriate inferences to be drawn under the circumstances from an incomplete or contradictory medical record.

The record developed by the ALJ on the subject of the plaintiff's functional capabilities in this case was insufficient to give this Court comfort that the Commissioner had met her burden of proof and that the ALJ's decision had been adequately supported and explained as to the evidence of plaintiff's RFC. That said, it does not follow that the ALJ's decision, and the Government's position in support of that decision, had no reasonable basis in law or fact.

The Government's position, as reflected in the Magistrate Judge's thoughtful Recommended Ruling, was reasonable, and the Court's decision not to adopt the Recommended Ruling was a close one, further illustrating that the Commissioner's position was substantially justified.

## IV. Conclusion

Accordingly, plaintiff's motion for costs and attorney's fees is DENIED.

IT IS SO ORDERED.

/s/

_____
JANET BOND ARTERTON
United States District Judge

**Dated at New Haven, Connecticut, this 27th day of April, 2006.**